UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-CR-20009 |
| | ) | |
| GENE T. HARDWICK, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Patrick D. Hansen, Acting United States Attorney for the Central District of Illinois, and Jason M. Bohm, Assistant United States Attorney, files this sentencing commentary.

The defendant, G.T. Hardwick, pleaded guilty to defrauding the Longview State Bank. Because of his fraud, Hardwick faces a Guidelines range of 24 to 30 months in prison. At sentencing, the government intends to call FDIC/Office of Inspector General Special Agent Jason LeBeau to explain the investigation and the government's loss calculation. The government will also request that this Court impose a sentence of 24 months in prison, followed by a 2-year term of supervised release with the conditions contained in the presentence report (PSR). Such a sentence is consistent with the mandates of 18 U.S.C. § 3553(a), which requires this Court to consider, among other things, Hardwick's background and the facts of his crime.

Hardwick received a degree in architecture from the University of Illinois in 1966. By all accounts, over the next four decades, the defendant had a successful career

as an architect and landlord in Champaign. Hardwick owned various apartments in Champaign, which he leased primarily to college students. In 2005, Hardwick entered semi-retirement and spent time in South Carolina to design and build a house for his daughter.

When Hardwick returned from South Carolina, his financial condition had declined. The tax payments on some of his apartment buildings were in arrears and the occupancy in his apartments was down. However, Hardwick started two new building projects, both financed by Longview State Bank. One was a multi-unit senior living complex in Tuscola, which Hardwick built with various partners under the name BRH Properties. The second was a planned 64-unit apartment complex in Champaign, which Hardwick planned by himself. It is this second project that forms the basis of Hardwick's fraud.

On July 19, 2007, Hardwick signed the $3.9 million loan for the 64-unit apartment complex. According to the loan documents, the loan proceeds were to be used only for building the apartment complex. Almost immediately, Hardwick began diverting funds from the loan proceeds to personal expenses. At the time Hardwick acquired the loan, his personal credit card had reached its $40,000 limit. Hardwick paid this debt off with $42,000 from loan proceeds. After that payment, Hardwick continued to spend loan proceeds ($38,956.36) on his personal credit card. Hardwick also financed a European vacation for himself and his wife with loan proceeds. Hardwick paid the back-taxes on his other properties ($65,054.71) with loan proceeds, paid back a loan at another bank

($75,247.92) with loan proceeds, made his car payments ($17,027.46) with loan proceeds, and paid himself ($108,419.09) with loan proceeds. The payments stopped when an FDIC examiner drove to 611 East Park Street and discovered a vacant lot with no signs of construction.

Agent LeBeau later interviewed Hardwick about the fraud. Hardwick admitted diverting loan proceeds because he was experiencing cash flow problems. Hardwick also said he knew better than to "rob from one project and use on another project." Hardwick told Agent LeBeau that he knew Wally Rogers had gone to jail for doing something similar. (In the late 1970s, a jury found Walter "Wally" Rogers guilty of submitting false statements to a Federal Savings and Loan Association. U.S. District Judge Robert Morgan sentenced Rogers to two years in prison.)

Hardwick undoubtedly will request this Court impose a sentence below the applicable Guidelines range. That request will likely be based on his age. But Hardwick's age should not be a get-out-of-jail-free card. If anything, Hardwick's age proves he was old enough to know better. *See United States v. Woods*, 808 F.3d 1177, 1179 (7th Cir. 2015) ("Fraud isn't the type of crime one ages out of."); *United States v. Johnson*, 685 F.3d 660, 662 (7th Cir. 2012) (rejecting the notion that "a person who commits a crime after his seventieth birthday can be sentenced to no more than six months in prison"). During his 40-year career, Hardwick became well experienced with obtaining construction loans. He knew he could not divert the funds. Indeed, he knew Wally

Rogers when to jail for just that. Like Rogers, Hardwick should receive a two-year sentence to deter others from similar conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

Moreover, the requested prison sentence will "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Hardwick is once again experiencing financial difficulty. He built another apartment building, this one at 401 University in Champaign, but delays caused "a number of leases to be cancelled." PSR ¶ 76. As a result, he has "a serious cash flow problem" and "is having difficulty obtaining loans." PSR ¶ 76. That Hardwick would again turn to fraud to avoid financial hardship would be consistent with his prior practice. A two-year prison sentence is warranted in this case.

    Respectfully submitted,

    PATRICK D. HANSEN
    ACTING UNITED STATES ATTORNEY

    s/ Jason M. Bohm
    Assistant United States Attorney
    201 South Vine Street, Suite 226
    Urbana, Illinois 61802
    (217) 373-5875
    jason.bohm@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2017, my office electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                    s/ Jason M. Bohm